MURDOCK, Justice
(concurring specially).
It appears that the police had a right to be in the hallway outside the apartment in question. When the door to the apartment was voluntarily opened by one of its occupants, two things happened: (1) the police became aware of a strong smell consistent with the operation of an illegal “meth lab” inside the apartment and (2) the occupants became aware that the police were aware of the foregoing. Although I concur in the main opinion, I write separately to note that the only argument made by the State is that the health risks associated with the possible presence of a meth lab constituted an exigent circumstance justifying a war-rantless search of the apartment by members of the fire department. The State does not argue in this case that the prospect for the destruction of evidence of a crime given items (1) and (2) above would constitute an exigency justifying the immediate search of the apartment by the police without the necessity of a warrant or the involvement of the fire department acting in the interest of public safety. See generally Kentucky v. King, 563 U.S. -, -, 131 S.Ct. 1849, 1858, 179 L.Ed.2d 865 (2011) (“[Wjarrantless searches are allowed when the circumstances make it reasonable, within the meaning of the Fourth Amendment, to dispense with the warrant requirement. Therefore, the answer to the question before us is that the exigent circumstances rule justifies a warrantless search when the conduct of the police preceding the exigency is reasonable in the same sense. Where, as here, the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment, warrantless entry to prevent the destruction of evidence is reasonable and thus allowed.”).